# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### DOCKET NO. 1:13-cv-00252-GCM

| | |
|---|---|
| DAWN V. RODE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 9) and the Commissioner's Motion for Summary Judgment (Doc. No. 11). Having carefully considered such motions and reviewed the record, the Court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

Plaintiff filed an application for disability insurance benefits on May 26, 2011, alleging a disability onset date of January 2, 2009. Tr. at 131. The Commissioner originally denied those claims on August 23, 2011, and again after reconsideration on December 14, 2011. Tr. at 85, 90. Subsequently, on January 11, 2012, Plaintiff timely filed for a hearing before an Administrative Law Judge ("ALJ"), and ALJ Keith C. Pilkey heard the case on February 27, 2013 in Asheville, North Carolina. Tr. at 98-101, 27-56.

1

On March 25, 2013, the ALJ determined that Plaintiff was not disabled. Tr. at 9-26. The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner of Social Security. Tr. at 1-6. Plaintiff timely filed this action on September 27, 2013 (Doc. No. 1), and the parties' motions are now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.   Factual Background

Because it appears that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III.  Legal Standard

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of a final decision of the Commissioner to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "evidence which a reasoning mind might accept as adequate to support a conclusion" and is "more than a mere scintilla . . . , but may be somewhat less than a preponderance." *Id*. at 1456; *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

The very language of section 405(g) precludes the Court from reviewing a final decision of the Commissioner *de novo*; it is the responsibility of the ALJ and not the Courts to make findings of fact and to resolve conflicts of evidence. *See* 42 U.S.C. § 405(g); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). The Court cannot substitute its judgment for that of the Commissioner, even if the Court would have decided differently, so long as the ALJ's decision is supported by

substantial evidence. *Hays*, 907 F.2d at 1456; *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5) Whether the claimant is able to do any other work, considering his RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v). In this case, the ALJ determined Plaintiff was not disabled at the fifth step of the sequential evaluation process.

## IV. Discussion

Specifically, the ALJ first concluded that Plaintiff had not engaged in substantial gainful activity since January 2, 2009, the alleged onset date. Tr. at 14. At the second step, the ALJ concluded that Plaintiff suffered from severe impairments, including degenerative disc disease, diabetes mellitus, anxiety, and depression. *Id*. At the third step, the ALJ found that the Plaintiff's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. Tr. at 14-16.

The ALJ then found that Plaintiff retained the residual functioning capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a). Tr. at 14-16. In making this finding, the ALJ considered all symptoms and the extent to which these symptoms could reasonably be accepted as consistent with objective medical evidence, and other evidence, as required by 20 C.F.R. §§ 404.1529 and 416.929. Tr. at 16-20. While the ALJ found that the Plaintiff's impairments could reasonably be expected to cause some pain or discomfort, he determined that Plaintiff's allegations of pain and the extent of her limitations were not entirely credible. Tr. at 20.

At the fourth step, the ALJ found that Plaintiff could not perform her past relevant work as a textile worker. Tr. at 20. However, at the fifth step, the ALJ concluded that there were jobs that exist in significant numbers in the national economy that the Plaintiff could perform, including sorter, benchworker, and inspector. Tr. at 23.

Plaintiff asserts two issues for review—(1) whether the ALJ properly evaluated Plaintiff's credibility when deciding Plaintiff's RFC, and (2) the ALJ's determinations regarding the medical opinion of the consultative examiner. Each is discussed in order.

### 1. The ALJ's credibility determinations are supported by substantial evidence.

The Fourth Circuit has established that it is within the province of the ALJ to reconcile inconsistencies in the evidence, that the claimant bears the risk of nonpersuasion, and that the ALJ's determinations concerning credibility are to be given "great weight." *Hays*, 907 F.2d at 1456; *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). The Fourth Circuit has also set out a two-step framework for determining the severity of a claimant's impairments. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Plaintiff takes issue with the ALJ's determinations at *Craig*'s

second step, which requires the ALJ to evaluate the intensity and persistence of the claimant's pain and how that affects her ability to work. *Id.* at 595.

At the second step, the lack of objective medical evidence is not determinative, and a claimant's subjective perception of pain and other symptoms can be sufficient to support an ALJ's finding of disability. *Hines v. Barnhart*, 453 F.3d 559, 564-65 (4th Cir. 2006). However, *Hines* also stated that objective evidence can be crucial in an ALJ's evaluation of the intensity and persistence of the claimant's symptoms, and to the extent that a claimant's complaints are inconsistent with the available evidence, the ALJ need not accept them. *See id.* at 565, n.3 (citing *Craig*, 76 F.3d at 595).

When Plaintiff's allegations of pain are compared to the objective medical evidence, the record reveals that substantial evidence supports the ALJ's credibility analysis. A visit to Carolina Spine and Neurosurgery Center revealed that Plaintiff had full motor strength in all motor groups of the bilateral upper and lower extremities. Tr. at 17, 235. The ALJ further noted that Dr. Moody at Carolina Spine and Neurosurgery Center did not consider Plaintiff an operative candidate, and discharged her from regular follow-up care. Tr. at 17, 302. Moreover, as noted by the ALJ, on a March 6, 2012 visit, the Plaintiff did not even complain of back pain. Tr. at 17, 329. Each instance suggests that Plaintiff's allegations of pain were not entirely credible. Thus, substantial evidence in the record supports the ALJ's credibility determination regarding Plaintiff's allegations of pain, as the allegations were inconsistent with numerous pieces of objective evidence.

As to Plaintiff's work history, the regulations do not provide any direct guidance on how a claimant's past work affects his or her credibility. However, Plaintiff's contention that work

history is entitled to substantial credibility has no basis in the regulations or in the Fourth Circuit. *See Clark v. Astrue*, No. 3:12-CV-00122-MOC-DSC, 2012 WL 6728441, at *3 (W.D.N.C. 2012); 20 C.F.R. § 404.1529. The regulation simply states that the Administration will consider, amongst other things, "information about your prior work record." 20 C.F.R. § 404.1529(c)(3). There is neither an explicit nor implicit suggestion in the regulation that a Plaintiff's work history be given any substantial deference. *See id.*

Moreover, contrary to Plaintiff's characterization, Social Security Ruling 96-7p states that a prior work record is one of numerous factors used in determining a claimant's credibility concerning pain; nowhere does it mandate special treatment for prior work history. *Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, SSR 96-7P (S.S.A. 1996). This Court has explicitly rejected the "enhanced credibility doctrine" as one that is not recognized in the Fourth Circuit. *See Clark*, 2012 WL 6728441, at *3. Therefore, the ALJ could have concluded that Plaintiff's past work attempts negatively impacted her credibility, and this Court must give the ALJ's credibility determinations great weight. *See Shively*, 739 F.2d at 989.

### 2. The weight the ALJ assigned to the medical opinion of Dr. Fiore is supported by substantial evidence.

The ALJ's authority to weigh and reconcile inconsistencies in the evidence extends to opinions from medical sources. *See* 20 C.F.R. § 416.827(c); *Hays*, 907 F.2d at 1456. In the context of treating medical sources such as physicians or psychologists, the Fourth Circuit and the regulations have established that the ALJ can afford significantly less weight to a treating source's opinion if it is inconsistent with other clinical or substantial evidence; i.e., if there is

persuasive contrary evidence. *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001); *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

Here, the ALJ found that Dr. Fiore's opinion as a psychologist deserved little weight to the extent that it discussed Plaintiff's physical limitations. Tr. at 18-19. As noted above, the ALJ is authoritatively positioned to reconcile inconsistencies in medical opinions, and can assign less weight to a medical opinion when that opinion is outside of the specialist's expertise. *See* 20 C.F.R. § 404.1527(c)(5). Dr. Fiore is a psychologist, and while he may consider Plaintiff's physical limitations while conducting a psychological exam, those opinions are not entitled to any substantial weight to the extent that they opine about how Plaintiff's physical limitations affect her physical functioning. *See id.* Therefore, the ALJ could assign less weight to Dr. Fiore's opinion concerning Plaintiff's physical limitations.

Moreover, there was other credible evidence in the record that contradicted Dr. Fiore's findings. The ALJ afforded great weight to the opinion of Dr. Ellen Huffman-Zechman (who completed a physical RFC assessment), particularly to her findings concerning Plaintiff's allegations of pain and physical limitations. Tr. at 18, 76-78. To the extent that Dr. Fiore's opinion (as a psychologist) conflicted with Dr. Huffman-Zechman's opinion (as a medical physician), the ALJ was well within his discretion to resolve it as he did. *See Hays*, 907 F.2d at 1456.

Finally, even if this Court were to assign a high value to Dr. Fiore's opinion, that opinion is not inconsistent with the ALJ's findings and therefore does not require remand. Plaintiff must point to evidence that demonstrates that the ALJ would have reached a different decision had he properly considered it. *See Camp v. Massanari*, 22 F. App'x 311 (4th Cir. 2001). Dr. Fiore

7

merely opined that Plaintiff's pain and emotional difficulties would interfere with, not prevent, a full-time work routine, and that Plaintiff is capable of understanding simple instructions that do not require physical effort beyond her capabilities. Tr. at 294.

Despite the ALJ's express discrediting of Dr. Fiore's opinion, the ALJ's ultimate RFC finding is consistent with Dr. Fiore's statement that the Plaintiff is limited to something less than a full-time work routine—Plaintiff is limited to doing sedentary work with simple instructions and limited interaction with the public. Tr. at 18, 194. Therefore, even if the ALJ had given full weight to Dr. Fiore's opinion, there is nothing to substantiate the argument that he would have arrived at a different conclusion and thus, it was harmless error. *See Camp*, 22 F. App'x at 311.

For these reasons, the Court finds that the ALJ's findings concerning the credibility of Dr. Fiore's opinion were based on substantial evidence, and in the alternative, would have resulted in harmless error.

## V. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's Motion and Brief, and Plaintiff's assignments of error. Review of the entire record reveals that the ALJ's decision is supported by substantial evidence. *See Hays*; 907 F.2d at 1456; *Coffman*, 829 F.2d at 517. Having found that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," (*see Hays*, 907 F.2d at 1456) Plaintiff's Motion for Summary Judgment is denied, the Commissioner's Motion for Summary Judgment is granted, and the decision of the ALJ is affirmed.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) the ALJ's decision, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) the Plaintiff's Motion for Summary Judgment (Doc. No. 9) is **DENIED**;

(3) the Commissioner's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**; and

(4) The Clerk of Court is directed to **CLOSE THIS CASE**.


Signed: November 21, 2014

Graham C. Mullen
United States District Judge